IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>  Plaintiff,<br><br>  v.<br><br>ALI, et al.,<br><br>  Defendants. | No. 2:19-CV-2579-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's first amended complaint. ECF No. 8.

**I. SCREENING REQUIREMENT**

The Court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's first amended complaint fails completely to state any claim for relief. The complaint contains almost no details at all. See ECF No. 8. Plaintiff names Ali and Longo as defendants. Id. at 2. Apparently, they are correctional officers at California Medical Facility. Id. Plaintiff then includes two pages with spaces for "Claim I" and "Claim II." Id. at 3–4. Plaintiff does not list any constitutional or federal right that was violated, instead listing regulations of the California Department of Corrections and Rehabilitation.[1] Id. Plaintiff does not list *any* facts

---

[1] Section 1983, under which Plaintiff brings this action, provides a cause of action for deprivation of constitutional rights and rights under federal law. 28 U.S.C. § 1983. [Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the

supporting the inferential complaint that Defendants violated some CDCR regulation or that any right for which 42 U.S.C. § 1983 provides a cause of action has been violated. Id. Instead, Plaintiff only says "see attached [documents]" referring to CDCR grievance documents attached to his complaint." Id. He alleges no other facts at all. Id.

The grievance documents attached to Plaintiff's complaint address Plaintiff's complaints of staff sexual misconduct. Id. at 6–18. Apparently, Longo and Ali acted inappropriately towards Plaintiff, with Longo impermissibly grabbing Plaintiff's buttocks and Ali trying to convince Plaintiff to drop his sexual misconduct complaints. Id. CDCR apparently investigated Plaintiff's claims, but Plaintiff appealed because he was apparently unhappy with CDCR's handling of his grievances. See id. It is not clear, however, what federal claims Plaintiff is attempting to bring before this Court. See id. at 3–18. Whether Plaintiff is suing over the alleged underlying sexual misconduct, interference with his right to pursue grievances, or general handling of his grievances is subject only to arbitrary inference. See id. Other than their mention in Plaintiff's grievance documents, Plaintiff has not made any allegations whatsoever against Longo or Ali. Id. Moreover, under the section for Plaintiff to list his injury, Plaintiff only states, "mental stress lost of sleep and etc." and "he is a DDP inmate unable to explain injury because of mental stress emotions."[2] Id. at 3–4.

Although the Court must construe Plaintiff's complaint liberally, it cannot supply the facts or elements necessary to state a claim. See Bruns, 122 F.3d at 1257. A complaint must provide enough facts to state a plausible claim and threadbare recitals of elements of a complaint

---

federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736l To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

[2] "DDP" apparently stands for Disability Displacement Program.

are insufficient. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. Here, Plaintiff's complaint does not even include threadbare recitals of the elements of a cause of action, let alone contain sufficient facts that might allow the Court to infer a named defendant is liable for alleged misconduct. See Iqbal, 556 U.S. at 678–79. Other than what the Court might randomly infer from the documents Plaintiff attached to his complaint, the Court has no basis to conclude what Plaintiff's allegations even are. As stated, if the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679.

Plaintiff has not stated any facts. He has not identified any cognizable claim. The first amended complaint cannot survive screening under 28 U.S.C. § 1915A. Although Plaintiff need not include detailed factual allegations, that does not mean he can state *no* facts. See Iqbal, 556 U.S. at 677–79. Plaintiff must provide enough facts to state a plausible claim. Id. The Court will provide leave to amend and include sufficient detail consistent with the above comments.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

4

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's first amendment complaint (ECF No. 8) is dismissed with leave to amend; and

        2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: April 6, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE