IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST, | No. 2:19-CV-2579-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ALI, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983. Before the Court are Plaintiff's two motions for appointment of counsel. ECF Nos. 48, 57. The Court denies the motions.

**I. STANDARD OF REVIEW**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil cases. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 298, 301–02, 310 (1989). "Generally, a person has no right to counsel in civil actions." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). See id.; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims on their own in light

of the complexity of the legal issues involved. See Palmer, 560 F.3d at 970; Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed cumulatively before reaching a decision. See Cano v. Taylor, 739 F.3d 1214, 1218 (9th Cir. 2014). The United States Court of Appeals for the Ninth Circuit will review a district court's denial of appointment of counsel for abuse of discretion. Id.

In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because "Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits." Terrell, 935 F.2d at 1017.

## II. DISCUSSION

Plaintiff has filed dozens of documents in this case. Plaintiff's filings are meandering and mostly incoherent, and it is difficult to succinctly summarize the entirety of their contents. The submissions variously appear to include copies of disability accommodation requests, administrative grievances, disjointed letters, and repeated questioning of when California Medical Facility[1] is going to get cameras. See, e.g., ECF Nos. 30–33, 37, 39, 42–44, 47–49, 55, 57. Plaintiff also appears to confide in the Court that he was sexually assaulted as a child. See, e.g., ECF Nos. 35–37, 42, 44, 46, 48, 54–55, 57. Among other things, Plaintiff also discusses his receipt of medical treatment and the ostensible placement of defective screws in his body following two car crashes involving prison buses. See, e.g., ECF Nos. 32, 35–37, 42, 46–49, 52, 53, 55.

Finally, Plaintiff recurrently contends that he is mobility impaired, intellectually disabled, and is under the "Armstrong-Clark Remedial Act"[2] per court order. See, e.g., ECF Nos.

---

[1] Plaintiff is incarcerated at California Medical Facility.

[2] Ostensibly, Plaintiff refers to plans that the California Department of Corrections and Rehabilitation (CDCR) must follow to protect disabled prisoners. In very broad sum, named for the cases from which they arose, the plans govern the care that CDCR must provide to disabled prisoners. See, e.g., Acosta v. Servin, No. 20cv2225-MMA-MSB, 2021 WL718599, at *5 n. 5, 7 n.7 (S.D. Cal. Feb. 24, 2021); Roberts v. Cal. Dep't Corrs. & Rehab., No. 2:12–cv–0247 KJM AC P, 2014 WL 2109925, at *8 n.15 (E.D. Cal. May 20, 2014); Curry v. Tilton, No. C–07–0775 EMC (pr), 2012 WL 967062, at *1 (N.D. Cal. Mar. 21, 2012). The Armstrong Remedial Plan is a remedial order enjoining practices that discriminate against disabled prisoners. Vasquez v. Paramo, No.: 18cv2097-GPC(MDD), 2019 WL 2436737, at *3 n.2 (S.D. Cal. June 11, 2019). Similarly, the Clark Remedial Plan is part of a class-action settlement establishing policies to ensure prisoners with developmental disabilities are protected from discrimination and injury. E.g., Acosta, 2021 WL 718599, at *5 n. 5, 7 n.7

33, 35, 37–38, 42–43, 47–48, 50, 53, 55, 57. Plaintiff's submissions variously indicate that he has difficulties reading and writing, that he has suffered head trauma, that he has visited prison psychological wards multiple times, and that he has been placed on suicide watch on multiple occasions. See, e.g., ECF Nos. 35–37, 43–44, 46, 48, 54–55.

Plaintiff's two motions for appointed counsel are meandering and jumbled. ECF Nos. 48, 57. Although it is clear to the Court that, among other things, Plaintiff seeks counsel, his motions are rambling and jump from one subject to the next. For instance, contextualized by Plaintiff's other submissions, Plaintiff again seems to confide in the Court that he was sexually abused as a child, state that another inmate has been telling other prisoners that Plaintiff is homosexual, and allege that he has been transferred among prisons dozens of times. ECF Nos. 48, 57. Plaintiff seems to contend that he needs help to understand his case and to accurately inform the Court of what is "going on." ECF No. 48 at 1.

The largely incoherent nature of Plaintiff's submissions, alongside allegations and evidence that he is intellectually disabled, give the Court significant pause to deny his motions. As the Court stated above, it is clear that Plaintiff desires an attorney. But the Court is skeptical that Plaintiff can otherwise clearly articulate his claims *pro se*. That is a factor that the Court is bound to consider. See, e.g., Cano, 739 F.3d at 1218; Palmer, 560 F.3d at 970. Based on the information before the Court, there are legitimate questions of whether Plaintiff is intellectually or otherwise disabled. The Court, however, must consider Plaintiff's ability to articulate his claims in light of the complexity of the issues involved. Cano, 739 F.3d at 1218. The Court must also consider the likelihood of success on the merits. Id. It is difficult for the Court, at this stage, to do either.

First, the Court has not yet screened Plaintiff's complaint as required under 28 U.S.C. § 1915A.[3] The Court cannot say that there is any particular likelihood of success on the merits of Plaintiff's claims.

/ / /

---

[3] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1)–(2).

3

Second, neither can the Court determine whether Plaintiff's claims are particularly complex. He makes no real claims at all. His operative complaint is near-bare. See ECF No. 8. Plaintiff cites a few California prison regulations and attaches copies of appeals of his administrative grievances. Id. at 3–4, 6–15. He does not recite facts or actually make any claim under 42 U.S.C. § 1983. See id. at 3–4. Although he does state that he has suffered mental stress and loss of sleep, Plaintiff either does not allege any other facts or just states that he is a disabled inmate and unable to explain his injury because of "mental stress emotions. See id. at 3–5. The attached grievance appeals concern alleged sexual abuse, harassment, and inappropriate inference in the grievance process by prison staff. Id. at 6–15. Prison officials granted an investigation but otherwise denied the appeals. Id. Although the grievances inferentially and obviously form the basis of Plaintiff's complaint, it is unclear exactly what Plaintiff challenges under § 1983 (e.g., the denials of his grievances or the underlying alleged abuse). See generally id.

In a screening order that will follow this order, the Court will likely dismiss Plaintiff's complaint with leave to amend and clarify his claims. Plaintiff should attempt to follow the instructions in that order. At this moment, however, the Court is unable to sufficiently gauge the likelihood of success on the merits or Plaintiff's actual ability to articulate his claims in light of the complexity of those claims. Considering those factors cumulatively, the Court concludes that appointment of counsel would be premature at this time.

### III. CONCLUSION

Considering the above, the Court is unable to find the required exceptional circumstances warranting appointment of counsel. The Court will deny the motions. Plaintiff, however, may renew a motion for appointed counsel after the Court screens the complaint and, if Plaintiff chooses to do so, after Plaintiff amends the complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff's motions for appointment of counsel (ECF Nos. 48, 57) are **DENIED** without prejudice to renewal at a later date.

IT IS SO ORDERED.

Dated: July 20, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE