IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>             Plaintiff,<br><br>     v.<br><br>ALI, et al.,<br><br>             Defendants. | No. 2:19-CV-2579-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 74, for an extension of time and appointment of counsel.

Plaintiff seeks a "continuance for my case" due to limited law library access. See id. at 1. At the time Plaintiff filed the instant motion, Plaintiff had complied with the Court's deadlines in this case. The Court's order issued herewith permits Plaintiff an additional 30 days in which to amend his claims or proceed on the operative second amended complaint on Plaintiff's retaliation claim against Defendant Ali. Plaintiff's request for a "continuance" will, therefore, be denied.

/ / /

/ / /

/ / /

1

1         Plaintiff also appears to seek the appointment of counsel. See ECF No. 74 pg. 1

2 ("I need an attorney"). The United States Supreme Court has ruled that district courts lack

3 authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v.

4 United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the

5 court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See

6 Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

7 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of

8 both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims

9 on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.

10 Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

11 In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

12 to appointment of counsel because:

13         . . . Terrell demonstrated sufficient writing ability and legal knowledge to
articulate his claim. The facts he alleged and the issues he raised were not
14         of substantial complexity. The compelling evidence against Terrell made it
extremely unlikely that he would succeed on the merits.
15

16         Id. at 1017.

17         In the present case, the Court does not at this time find the required exceptional

18 circumstances. It is not at all obvious that Plaintiff seeks the appointment of counsel given

19 Plaintiff's passing reference. To the extent he does, however, Plaintiff has not made any showing

20 of exceptional circumstances a likelihood of success on the merits, or an inability to articulate his

21 claims on his own. To the contrary, as reflected in the Court's order issued herewith addressing

22 Plaintiff's second amended complaint, the Court finds that Plaintiff has adequately articulated a

23 cognizable claim upon which this action should proceed. Finally, the Court does not find that the

24 cognizable claim in this action – based on retaliation in violation of the First Amendment –

25 presents complex factual or legal issues.

26 / / /

27 / / /

28 / / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 74, for an extension of time and appointment of counsel is denied.

Dated: October 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE