**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>    v.<br><br>ALI, et al.,<br><br>        Defendants. | No. 2:19-CV-2579-JAM-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's second amended complaint, ECF No. 68.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff lists "ISU SGT. Ali et at [sic]" in the caption of his second amended complaint. ECF No. 68, pg. 1.  On the second page of his second amended complaint under the heading "Defendants," Plaintiff writes, "IAM A DDPI." Id. at 2.  Plaintiff's complaint does, however, mention Sgt. Ali, Officer D. Longo/Long, and "the Clark L.T.A. Mrs. Star." See id. at 3-6.  The Court is able to extract four claims from Plaintiff's second amended complaint.

### Claim I

Plaintiff alleges "on approx [sic] 3/20/2012 improper interrogation by I.S.U. Sgt. Ali in the law library." Id. at 3.  Plaintiff's first claim begins by directing the Court to "see attached" referring to a document that Plaintiff failed to attach. See id.  Plaintiff also states, "Sgt. Ali instructed . . . staff assistant T. Weedal, not to help me with the dictation-& [sic] writing of a letter to the PREA people in relation to.  I would like this incident to be documented & [sic] fully investigated by CHCF, PREA & [sic] internal affairs." Id.

### Claim II

Plaintiff alleges a retaliation claim against Defendant Ali. See id. at 4.  Plaintiff contends that Defendant Ali pressured and intimidated Plaintiff to drop Plaintiff's Prison Rape Elimination Act ("PREA") complaint that Plaintiff had against another officer. See id.  About a week later, Plaintiff was "taken to classification place for transfer to Mule Creek," which Plaintiff "feel[s] is clear retaliation for filing [his] PREA coplaint [sic]." See id.

///

///

///

|   |   |
|---|---|
| 1 | Claim III |
| 2 | Plaintiff suggests that Defendant D. Longo sexually harassed Plaintiff by touching |
| 3 | him on "his buttocks twice." See id. at 5.  This allegation is imbedded within what seems to be |
| 4 | Plaintiff's handwritten copy of some document Plaintiff received while exhausting this claim. |
| 5 | See id. |
| 6 | Claim IV |
| 7 | Plaintiff states, "On 6/25/2020, my civil rights have been [sic] violated.  The Clark |
| 8 | L.T.A. Mrs. Star violated my civil rights/ A Tahe i.a. score [sic], by condescending! [sic] me in |
| 9 | from [sic] of the inmate that lives in cell I-2-236 Low she knows." Id. at 6.  The Court will |
| 10 | characterize this claim as verbal harassment. |

## II. DISCUSSION

The Court finds that Plaintiff's Claim II against Defendant Ali for retaliation is his only cognizable claim.  Plaintiff's Claim I regarding "improper interrogation," Claim III regarding sexual harassment, and Claim IV regarding verbal harassment are not cognizable.  Each claim requires Plaintiff to allege additional facts for the Court to determine whether they are appropriate for service.

### A. Improper Interrogation (Claim I)

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional

1   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

2   　　　　　Here, Plaintiff makes a bare assertion of "improper interrogation by [Defendant]
3   Ali in the law library."  ECF No. 68, pg. 3.  Plaintiff does not supply the Court with facts
4   indicating that Defendant Ali violated Plaintiff's constitutional rights.  Plaintiff needs to set forth
5   specific facts showing how Defendant Ali violated Plaintiff's constitutional rights.  Additionally,
6   Plaintiff referenced a document and directed the Court to "see attached" but failed to attach the
7   document.  Should Plaintiff choose to amend, Plaintiff must attach any documents referenced in
8   the complaint and upon which the complaint relies.

9   　　　　**B.    Sexual Harassment (Claim III)**

10   　　　　　The treatment a prisoner receives in prison and the conditions under which the
11   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
12   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
13   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts
14   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102
15   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
16   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with
17   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,
18   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when
19   two requirements are met: (1) objectively, the official's act or omission must be so serious such
20   that it results in the denial of the minimal civilized measure of life's necessities; and (2)
21   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
22   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
23   official must have a "sufficiently culpable mind."  See id.  Physical sexual assault by a prison
24   official on an inmate is deeply offensive to human dignity, lacks any legitimate penological
25   objective, and therefore violates the Eighth Amendment.  Schwenk, 204 F.3d at 1196-97; Farmer
26   v. Brennan, 511 U.S. 825, 834 (1994) (such sexual abuse is "simply not part of the penalty that
27   criminal offenders pay for their offenses against society").
28   / / /

4

1        Inmate sexual harassment claims, which allege sexually inappropriate touching
2   and/or sexually inappropriate comments, require a careful assessment of the unique circumstances
3   of each case.  Inmate sexual harassment claims that allege brief inappropriate touching by a
4   correctional official are generally found to be noncognizable, particularly if the alleged touching
5   occurred pursuant to an authorized search.  "Even if plaintiff believed that there was a sexual
6   aspect to the search, more is needed."  Smith v. Los Angeles County, 2010 WL 2569232, *5
7   (C.D. Cal. 2010); adopted by 2010 WL 2572570 (C.D. Cal. 2010); aff'd, 452 F. App'x 768 (9th
8   Cir. 2011).  And even outside the context of a search, if a defendant is alleged to have grabbed a
9   plaintiff's buttocks for a few seconds, the claim does not give rise to an Eighth Amendment
10  violation.  See Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998).  For a sexual harassment
11  claim to be cognizable, Plaintiff must allege an "objectively serious injury (either physical or
12  psychological.)"  Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (quoting Berryhill,
13  137 F.3d at 1076).
14       In Watison, the Ninth Circuit affirmed the dismissal of an inmate's Eighth
15  Amendment sexual harassment claim against a correctional officer who allegedly entered
16  plaintiff's cell while plaintiff was on the toilet, rubbed his thigh against plaintiff's thigh
17  and "began smiling in a sexual contact [sic]," then left plaintiff's cell laughing.  668 F.3d at 1112-
18  14.  The Ninth Circuit ruled that "[t]he 'humiliation' Watison allegedly suffered from the incident
19  with Officer LaGier does not rise to the level of severe psychological pain required to state an
20  Eighth Amendment claim."  Id. at 1113.  Moreover, the Ninth Circuit found that "Officer
21  LaGier's alleged wrongdoing was not objectively harmful enough to establish a constitutional
22  violation . . . ."  Id. at 1114 (citations and internal quotation marks omitted).
23       Here, Plaintiff alleges "that he was touched on his buttocks twice by Officer D.
24  Longo."  ECF No. 68, pg. 5.  Plaintiff does not provide any more facts regarding the incident.  As
25  stated above, a mere touching on the buttocks is insufficient to state a claim under the Eighth
26  Amendment.  Should the Plaintiff choose to amend, Plaintiff should provide more facts including
27  the context and duration of the touch, any words exchanged, whether Plaintiff suffered
28  psychological or physical pain as a result of the touching, and anything else that would aid the

Court in understanding what happened.

### C. **Verbal Harassment (Claim IV)**

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the [C]onstitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000). Similarly, allegations of verbal harassment generally do not state a claim under the Eighth Amendment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, "[v]erbal harassment may violate the Constitution when it is 'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage.'" Cox v. Kernan, 2019 WL 6840136, *5 (E.D. Cal. Dec. 16, 2019) (quoting Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)).

Here, Plaintiff alleges that Defendant Star was condescending in front of another inmate. ECF No. 68, pg. 6. Plaintiff does not allege facts that demonstrate that Defendant Star's actions were unusually gross or calculated to cause psychological harm. Upon amending, Plaintiff should provide what Defendant Star said and how Defendant Star's words are unusually gross and calculated to cause Plaintiff harm.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

6

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  October 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE