# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALI, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-2579-JAM-DMC-P<br><br>FINDNGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 64, for an order directing that Plaintiff be permitted regular access to the prison law library. The Court construes this filing as a motion seeking preliminary injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is

1   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
2   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
3   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,
4   however, issue an order against individuals who are not parties to the action.  See Zenith Radio
5   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking
6   injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
7   prison renders the request for injunctive relief moot, unless there is some evidence of an
8   expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
9   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

10           The legal principles applicable to requests for injunctive relief, such as a
11   temporary restraining order or preliminary injunction, are well established.  To prevail, the
12   moving party must show that irreparable injury is likely in the absence of an injunction.  See
13   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.
14   Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser
15   standard by focusing solely on the possibility of irreparable harm, such cases are "no longer
16   controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
17   1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is
18   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
19   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
20   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,
21   however, issue an order against individuals who are not parties to the action.  See Zenith Radio
22   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking
23   injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
24   prison renders the request for injunctive relief moot, unless there is some evidence of an
25   expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
26   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).
27   / / /
28   / / /

 Plaintiff seeks an order from this Court directing unspecified prison officials to provide him regular access to the law library at the California Medical Facility.  See ECF No. 64.  In support, Plaintiff states he is suffering from "head drama" and that his legal mail "needs to be open in front of me instead of being open before I get it."  Id. at 1.  Plaintiff also complains of improperly handling of his mail, difficulties breathing in some way related to masks, and an interest in a "breathing machine."  See id.  Beyond Plaintiff's one-page motion, Plaintiff's filing consists of a number of documents (82 pages) which are not referenced or explained in Plaintiff's motion.  Fatal to Plaintiff's motion, Plaintiff has not shown how he would suffer any irreparable injury absent regular law library access.

 Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF No. 64, be construed as a motion for preliminary injunctive relief and, so construed, be denied.

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 26, 2021

Dated:  October 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3