IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALI, et al.<br><br>　　　　　Defendants. | No.  2:19-CV-2579-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's requests/motions, ECF Nos. 102, 108, 115, for appointment of counsel and/or an investigator, for initiation of criminal charges and for a video conference.  For the reasons discussed in the Court's January 31, 2022, order, ECF No. 111, Plaintiff's request for a video conference is denied.

In ECF No. 108, Plaintiff requests initiation of criminal charges.  This request is denied because it is not within the province of the Court to do so.  Initiation of criminal charges is a decision reserved to a prosecutor.

In ECF Nos. 102, 108, and 115, Plaintiff seeks the appointment of counsel and/or an investigator.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

1

1  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935
2  F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
3  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success
4  on the merits and the ability of the plaintiff to articulate his claims on his own in light of the
5  complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is
6  dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the
7  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment
8  of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

13  In the present case, the Court does not at this time find the required exceptional
14  circumstances.  While Plaintiff has had some difficulty articulating the facts underlying his
15  claims, the record reflects that Plaintiff has been able to successfully navigate the screening
16  process and his second amended complaint has been deemed appropriate for service.  See ECF
17  No. 88.  The record also reflects that Plaintiff has been able to articulate requests for extensions of
18  time, has been able to file documents with the Court, and has been able to articulate himself in the
19  instant motions for appointment of counsel.  Plaintiff states that appointment of counsel is
20  necessary in order to "find the names of all the wardens in the 12 prisons I've been in, with dates
21  & times." ECF No. 102, pg. 1.  The Court finds this reason does not establish an exceptional
22  circumstance for appointment of counsel or an investigator.
23  Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests/motions, ECF
24  Nos. 102, 108, 115, are denied.

25  Dated:  March 8, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2