**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL FOUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALI, et al.,<br><br>　　　　　Defendants. | No. 2:19-CV-2579-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 137. For the reasons set forth below, this motion will be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff seeks appointment on the grounds that he is indigent, his incarceration will hinder his ability to litigate this case, and the claims asserted are complex. However, the Court is routinely presented with such circumstances in the context of prisoner litigation and, therefore, finds these factors unexceptional. Plaintiff also claims that he is unable to litigate this action because he suffered severe head trauma and because he is mentally incompetent. Yet Plaintiff submits no records—medical or otherwise—to substantiate these claims. Further, while Plaintiff's filings in this case have indeed demonstrated that he has some difficulty articulating his claims, his allegations were deemed sufficient to proceed to service of the second amended complaint. See ECF No. 88. The record also reflects that Plaintiff has adequately moved the Court for extensions of time and has been able to articulate his need for the appointment of counsel. Thus, the Court finds this reason does not establish an exceptional circumstance for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 137, is denied.

Dated:  July 25, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE