IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>    v.<br><br>ALI, et al.<br><br>        Defendants. | No. 2:19-CV-2579-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendant Ali's unopposed motion, ECF No. 127, to dismiss.

On October 26, 2021, the Court issued an order addressing Plaintiff's second amended complaint. See ECF No. 82. The Court determined that the action should proceed on Claim II against Defendant Ali for retaliation. See id. at 3. After Plaintiff elected not to file a third amended complaint and instead to proceed on Claim II against Defendant Ali only, the Court issued findings and recommendations that all other claims and defendants be dismissed. See ECF No. 91. To date, those findings and recommendations remain pending before the District Judge for final approval.

///

///

1

In his motion to dismiss, Defendant Ali argues that Plaintiff fails to state a retaliation claim.  According to Defendant Ali:

> In the Second Amended Complaint, Plaintiff loosely alleges that Sgt. Ali attempted to dissuade him from submitting a PREA complaint against another officer by asking him if he wanted a prison transfer; and that when Plaintiff submitted the complaint anyway, he was sent "one week later" . . . "to classification place for transfer to Mule Creek." (ECF 68 at 4.) The Ninth Circuit has recognized that transfers to a different prison may constitute an adverse action for purposes of a First Amendment retaliation claim. *Vignolo v. Miller*, 120 F.3d 1075, 1078 (9th Cir. 1997); *Rizzo*, 778 F.2d at 531-32. But there must be allegations showing a causal connection between the protected speech and the prison transfer.
>
> Here, this is no allegation that Plaintiff was actually transferred to Mule Creek, no allegation that he was threatened with a prison transfer, no allegation showing a causal connection between his PREA complaint and his meeting before the classification committee "one week later," *and most importantly, no allegation that Sgt. Ali had anything to do with that meeting—either that he set it up or that he was involved in the committee's decision to transfer Plaintiff to CMF*. There is also no allegation the prison transfer that *did occur* (Plaintiff's transfer to CMF at some point in 2019, as revealed by all versions of the complaint) did not advance a legitimate penological goal.
>
> * * *
>
> Plaintiff offers no allegations that anyone sitting on the classification committee knew anything about his PREA complaint, and no allegations showing that Sgt. Ali had anything to do with Plaintiff's meeting before that committee. There are also no allegations showing that the committee's business with Plaintiff, and their decisions concerning him, would not have occurred anyway, and/or did not advance legitimate penological goals.

ECF No. 127-1, pgs. 6-7.

Defendant seeks dismissal of the retaliation claim without further leave to amend.

Defendant's motion to dismiss was filed on April 12, 2022.  As of June 7, 2022, Plaintiff had not filed any opposition to the motion and the Court issued a minute order advising Plaintiff that the failure to file an opposition could be construed as consent to the relief requested. See ECF No. 133.  The Court also provided Plaintiff an additional 30 days from the date of the minute order to file an opposition.  See id.  Since issuance of the minute order, Plaintiff has not filed an opposition to Defendant' Ali's motion.  Plaintiff has instead filed a number of unrelated filings, none of which address Defendant Ali's motion to dismiss.  See e.g. ECF Nos. 134, 135, 136, 137, 138, 142, 143, 144, 145, 146, 147, 148, 150, 152, 153, 155, 156, 157, 158, 159, 160,

161, 162, and 163.  On August 31, 2022, and again on September 15, 2022, the Court granted Plaintiff's requests for additional time to file an opposition to Defendant Ali's motion.  See ECF Nos. 151 and 154.  Plaintiff has not, in response to either order, file an opposition to Defendant's motion.

Pursuant to Eastern District of California Local Rule 230(c), (l), the Court construes Plaintiff's failure to file an opposition as his consent to the relief requested.

Based on the foregoing, the undersigned recommends that Defendant Ali's unopposed motion to dismiss, ECF No. 127, be granted and that all other pending motions/requests, ECF Nos. 122, 123, 126, 128, 130, and 131 be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 8, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3