IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>    v.<br><br>ALI, et al.<br><br>        Defendants. | No. 2:19-CV-2579-DAD-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion, ECF No. 155, for the appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. While Plaintiff has had some difficulty articulating the facts underlying his claims, the record reflects that Plaintiff has been able to successfully navigate the screening process and his second amended complaint has been deemed appropriate for service. See ECF No. 88. The record also reflects that Plaintiff has been able to articulate requests for extensions of time, has been able to file documents with the Court, and has been able to articulate himself in the instant motions for appointment of counsel. Plaintiff states in the current motion that appointment of counsel is necessary due to a number of medical issues, but Plaintiff does not describe medical issues which would preclude him from preparing and filing documents on his own. Indeed, the docket, which is replete with filings submitted by Plaintiff, indicates the contrary. Finally, Defendant Ali – the only defendant against whom this Court has recommended Plaintiff's claims proceed – has filed a motion to dismiss which to date is unopposed by Plaintiff. It thus appears that Plaintiff has little chance of success on the merits. Defendant Ali's motion to dismiss is addressed in separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed motion, ECF No. 155, for the appointment of counsel is denied.

Dated:  November 8, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE