IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST, | No. 2:19-CV-2579-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ALI, | |
| Defendant. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 167.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff fails to argue that appointment of counsel is warranted because he is unable to articulate his claims on his own due to the complexity of the legal issues in dispute or that there is a likelihood of success on the merits. See ECF No. 167. Plaintiff states that he has medical issues, which have made it difficult for him to see, read, and write anything related to his case. See id. 167, pg. 1. However, Plaintiff fails to provide any factual support regarding extraordinary need. Id. Thus, Plaintiff has failed to satisfy the standard set forth in Terrell.

A review of the filings to date indicates that Plaintiff can articulate his claims on his own, inasmuch as he independently prepared and filed a civil rights complaint and has made numerous submissions to this Court, including notices, letters, exhibits, statements, and motions, as the docket number of this motion reflects. Further, as explained in the November 9, 2022, findings and recommendations, the Court finds that Defendant's unopposed motion to dismiss for failure to state a claim should be granted. See ECF No. 165.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 167, is denied.
2. The Court sua sponte extends the time to file objections to the November 9, 2022, findings and recommendations.
3. Objections to the November 9, 2022, findings and recommendations are due within 30 days of the date of this order.

Dated: December 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE