UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>   v.<br><br>ALI, et al.,<br><br>        Defendants. | No. 2:19-cv-02579-DAD-DMC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S UNOPPOSED MOTION TO DISMISS<br><br>(Doc. Nos. 122, 123, 126, 127, 128, 130, 131, 169, 170) |

Plaintiff Carl Foust is a state prisoner proceeding *pro se* and *in forma pauperis* in his civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 12, 2022, defendant filed a motion to dismiss plaintiff's only remaining claim asserted in the operative second amended complaint for failure to state a cognizable claim. (Doc. No. 127.) Plaintiff did not file an opposition brief to defendant's motion to dismiss within the time allowed for under the Local Rules. (Doc. No. 133.) On June 7, 2022, the assigned magistrate judge issued a minute order advising plaintiff that a failure to oppose defendant's pending motion to dismiss may be construed as consent to the relief requested unless a written opposition was filed within 30 days of the date of the order. (*Id.*) On August 31, 2022, and again

1

on September 15, 2022, the magistrate judge granted plaintiff's requests for additional time to file an opposition to defendant's still unopposed motion to dismiss. (Doc. Nos. 151, 154.) However, plaintiff has never filed any brief in opposition to defendant's motion. Meanwhile, plaintiff has filed over two dozen other filings titled as, among other things, notices, statements, declarations, exhibits, and requests, that are unrelated to defendant's unopposed motion to dismiss.[1] (*See, e.g.*, Doc. Nos. 134–37, 142–48, 152, 156, 157, 159–61.)

Accordingly, on November 9, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendant's unopposed motion to dismiss this action (Doc. No. 127) be granted because plaintiff's failure to file an opposition brief was construed as consent to the relief requested by defendant pursuant to Local Rule 230(c) and (l). (Doc. No. 165.) The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) No objections have been filed, and the time in which to do so has now passed.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming the grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 609 (9th Cir. 2008) (explaining that in *Ghazali* the Ninth Circuit "refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule").[2] A district court must consider five factors before dismissing:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of

---

[1] In addition, plaintiff has filed motions for the appointment of counsel a total of nine time—five times since defendant's filed their unopposed motion to dismiss, (Doc. Nos. 137, 155, 167, 169, 170), and four times before that (Doc. Nos. 48, 57, 102, 109). The magistrate judge has repeatedly denied plaintiff's motions to appoint counsel. (Doc. Nos. 80, 120, 140, 166.)

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

their merits; and (5) the availability of less drastic sanctions. *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first, second, third, and fifth factors militate towards dismissal, outweighing any concerns about resolving this case on its merits. To begin with, plaintiff's noncompliance with this court's local rules has left defendant's motion to dismiss pending for nearly eleven months and caused this action to come to a halt. At the same time, plaintiff has filed over two dozen filings that are unrelated to the still unopposed and pending motion to dismiss. These repeated filings and long delay weigh in favor of the court's need to manage its docket, particularly in this district with its overwhelming caseload and the long-standing lack of adequate judicial resources. Moreover, the delay caused by plaintiff's failure to file an opposition has resulted in prejudice to defendant because "[t]he law presumes injury from unreasonable delay." *Rendon v. Cnty. of Orange*, No. 21-56163, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022)[3] (quoting *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994)). Finally, the magistrate judge warned plaintiff that his failure to file an opposition could result in the court construing that failure as consent to the relief requested in the pending motion. (Doc. No. 133.) That warning was ineffective even though the magistrate judge also provided plaintiff with several deadline extensions to file an opposition. (*See* Doc. Nos. 133, 154, 155.) Therefore, based on the consideration of these factors, the court will dismiss this action due to plaintiff's failure to comply with this court's local rules.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on November 9, 2022 (Doc. No. 165) are adopted;
2. Defendant's unopposed motion to dismiss is granted (Doc. No. 127);
3. This action is dismissed due to plaintiff's failure to oppose defendant's motion, which was construed as plaintiff's consent to the relief requested;

---

[3] See fn. 2, above.

3

4. The remaining pending motions/requests that plaintiff filed (Doc. Nos. 122, 123, 126, 128, 130, 131, 169, 170) are denied as having been rendered moot by this order; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 24, 2023**

UNITED STATES DISTRICT JUDGE

4